FILED
2007 MAR 28 AM 8:12
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM F. BEST,<br><br>Plaintiff,<br><br>v.<br><br>HENDRICKSON APPRAISAL COMPANY, INC., et al.<br><br>Defendants. | CASE NO. 06-CV-1358 W (JMA)<br><br>ORDER (1) DENYING MOTION TO STRIKE; (2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; (3) DENYING MOTION TO ABSTAIN |

Plaintiff William Best filed a civil-rights complaint against Defendants Hendrickson Appraisal Co. and its principal, Ted Hendrickson, alleging civil-rights and conspiracy claims under 42 U.S.C. §§ 1983 and 1985. Defendants moved to strike the claim under California law, to dismiss under Federal Rule of Civil Procedure 12(b)(6), and to abstain. The court concludes that California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, does not apply. Therefore, the court will **DENY** the motion to strike, but **GRANT IN PART** the motion to dismiss and **DENY** the motion to abstain.

I.  **Introduction**

Best and Hendrickson are no strangers to the courts. The parties first clashed in early 2003 over an apartment building Best owned. The City of San Diego (specifically, the San Diego Unified School District) wanted the building or lot for a school. It retained Hendrickson to appraise the real estate. After the City offered Best $1.95 million based on the appraisal, as California law required, the City sued Best in an eminent domain proceeding. Best counterclaimed against the City, arguing that his apartment building had a more valuable use as condominiums. After the court severed his counterclaims into a separate lawsuit, Hendrickson appraised the building again—this time assuming they were used as condominiums—at $2.7 million. Best and the City eventually settled for $2.85 million.

On July 5, 2005, Best sued Hendrickson in the San Diego Superior Court for negligence, and later added claims for civil conspiracy, malpractice, conversion, and abuse of process—all arising out of an alleged scheme to "lowball" him on the first appraisal. The court dismissed his claims under the California anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, ruling that Best had no probability of success on the merits. The court also denied his motion for leave to amend the complaint to add federal causes of action, denied his motion for discovery, and awarded attorneys' fees and costs to Hendrickson. Best appealed those rulings.

Finally, on July 3, 2006, Best filed a complaint here. Hendrickson responded with a special motion to strike under the California anti-SLAPP statute, a motion to dismiss, and a motion to abstain. Because federal law does not incorporate the California anti-SLAPP statute, the court will deny the special motion to strike. Best fails, however, to state a claim under 42 U.S.C. § 1985, so the court will grant the motion to dismiss in part. The court will not abstain under Younger because this case does not raise any important state interests, and Best has no current opportunity to litigate his remaining § 1983 claim.

//

## II. Legal Standards

Under 42 U.S.C. § 1988, the court may supplement civil-rights statutes with state law whenever federal laws are "not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against the law . . . so far as [state law] is not inconsistent with the Constitution or laws of the United States." Thus, § 1988 is a choice-of-law provision. It does not create a cause of action. Rather, it instructs federal courts to use a state-law procedure or remedy if it will assist them in vindicating civil rights without violating federal law. Moor v. County of Alameda, 411 U.S. 693, 703–04 (1973).

To dispose of a meritless case before trial, federal courts ordinarily use authority under Federal Rules 12(b) and 56. Rule 12(b)(6) tests the complaint's sufficiency. See North Star Int'l. v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). A court may dismiss if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). Generally, the court may not consider material outside the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). But the court may consider material properly subject to judicial notice without converting the motion into a motion for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

By contrast, the California anti-SLAPP statute expedites dismissal through its special motion to strike. Enacted in response to a "disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances," Cal. Civ. Proc. Code § 425.16(a), the anti-SLAPP statute establishes a presumption that a cause of action arising from any act in furtherance of a person's freedom of speech in connection with a public issue has

no merit, id. § 425.16(b)(1). It also halts discovery from the time a defendant files the special motion to strike until the court rules on it. Id. § 425.16(g). The lawsuit proceeds only if the plaintiff shows a probability of prevailing on the claim by filing supporting affidavits. Id. § 425.16(b)(1)–(2). If the plaintiff fails, the defendant automatically receives attorneys' fees and costs. Id. § 425.16(c).

### III. Special Motion to Strike

Hendrickson urges the court to allow a special motion to strike because he submitted a privileged appraisal—a written statement reflecting an apartment building's value in connection with an eminent domain proceeding. If he were in state court, or in federal court defending against a state claim, the court would agree. But in federal court, on a federal claim, state procedural rules generally do not apply. Nothing in 42 U.S.C. § 1988 changes that result. Thus, the court denies the special motion to strike.

### A. Erie does not apply to federal-question cases unless state law creates a right.

The question before the court is essentially a choice-of-law question: May a federal court choose state law (the anti-SLAPP statute) instead of federal law (the Federal Rules of Civil Procedure) to dismiss a federal claim? Erie v. Tompkins Co., 302 U.S. 64, 78 (1938), and its progeny answer the choice-of-law question deceptively: "Except in matters governed by the federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." In a diversity case, then, federal courts must choose state common law as well as state statutory and constitutional law. See id. But Erie governs any situation in which state law will be applied in federal court. See Charles A. Wright, et al., Federal Practice & Procedure § 4520 (19th ed. 2007).

Consequently, both parties' arguments are half-correct. Erie applies in federal court, even on some federal claims (contra Best), but the court must analyze more than the "twin aims of Erie" before it chooses to apply state law (contra Hendrickson). When federal law incorporates a state-law classification, for example, a federal claim

based thereon necessarily requires application of state law. See Wright, supra § 4520. In turn, Erie considerations sometimes give way to federal policies—such as the congressional power to enact uniform rules of procedure in federal courts. See Hanna v. Plumer, 380 U.S. 460, 472 (1965).

Hendrickson has not identified any state law furnishing a substantive right to which Erie might attach. On the contrary, Best sued him for distinctly *federal*, i.e., constitutional, rights. Federal rules of decision will govern the merits of Best's claims. Thus, federal rules of procedure will govern when and how a federal court might dismiss those claims. Hendrickson has not cited a single case holding otherwise. United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 970 (9th Cir. 1999), and Dealertrack, Inc. v. Huber, 460 F. Supp. 2d 1177, 1181 (C.D. Cal. 2006), held the anti-SLAPP statute applicable to state-law counterclaims in federal courts. Therefore, this court will join at least one other in holding that the anti-SLAPP statute does not, in general, apply to a federal claim in federal court. See Globetrotter Software, Inc. v. Elan Computer Group, Inc., 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999).

**B.    Nothing renders federal law deficient in the provisions protecting civil rights.**

Two distinctions arguably set this case apart from the typical case. First, 42 U.S.C. § 1988 instructs courts to borrow from state law where necessary to fill gaps in federal law or furnish suitable remedies. And second, California courts permit an anti-SLAPP motion in response to federal civil-rights claims. See Bradbury v. Superior Court, 49 Cal. App. 4th 1108, 1117–18 (1996). Thus, Hendrickson could prevail in two ways: (1) § 1988 incorporate the anti-SLAPP statute directly; (2) § 1988 incorporates any state rule of decision, forcing the court to confront the otherwise irrelevant Erie problems of forum-shopping and inequitable administration of the laws.

But § 1988 permits borrowing from state law in only two circumstances, and Hendrickson does not meet either. Federal law is suitably adapted to the object in question here: weeding out meritless claims before trial. Federal Rules 12(b) and 56

ordinarily serve that purpose, and Hendrickson provides no argument why these rules are not adapted to civil-rights cases. Further, to the extent § 1988 might protect *Hendrickson's* civil right to free speech, § 1988(b) expressly permits the court to award attorneys' fees to the prevailing party.

Further, California's special motion to strike does not create a remedy—it simply creates a procedural mechanism to dispose of claims stemming from a defendant's exercise of free-speech rights. The anti-SLAPP statute is a "mere rule of procedure," Ludwig v. Superior Ct., 37 Cal. App. 4th 8, 43 (1995), which "does not change the legal effect of past conduct," Robertson v. Rodriguez, 36 Cal. App. 4th 347, 356 (1995) (applying § 425.16 to acts occurring before the statute's enactment). Because California law does not regard the special motion to strike as a remedy, the court cannot conclude that § 1988 incorporates it as such. Again, to the extent § 1988 might protect *Hendrickson's* civil right to free speech, § 1988(b) provides a remedy.

### IV. Motion to Dismiss

Best asserts two claims: (1) deprivation of his constitutional rights under 42 U.S.C. § 1983; and (2) conspiracy to violate his civil rights under 42 U.S.C. § 1985. Hendrickson argues that the statue of limitations bars both claims, however, the statute of limitations is an affirmative defense that the court cannot analyze on a motion to dismiss. Therefore, taking all reasonable inferences in Best's favor, the court concludes that he adequately, if inartfully, stated cognizable constitutional claims under § 1983. Because Best has not alleged race- or class-based animus, however, he has not stated a cognizable claim under § 1985.

#### A. Section 1983 recognizes deprivations of Fifth Amendment rights.

Section 1983 broadly remedies constitutional violations. A § 1983 claim has two fundamental elements: (1) a person acting under color of state law who (2) deprived the plaintiff of a federal right. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Best's

allegations, though conclusory, establish these elements. He alleges that Hendrickson, acting at the direction of the San Diego Unified School District in an eminent domain proceeding, "knowingly falsely understat[ed] the highest and best use of Best's real property." (Compl. ¶ 7.) Best further states that he was "deprived of full compensation for his property" in the eminent-domain action. (Id. ¶ 12.) Thus, Best has alleged that Hendrickson arguably acted under color of state law during the appraisal—a point Hendrickson apparently concedes (Defs.' Mem. in Opp. at 19–20)—and that the appraisal effected a taking without just compensation.

Hendrickson argues that Best waived any claim arising from the taking. (Defs.' Mem. in Opp. at 20.) But the court cannot conclude, on the present record, that Best voluntarily relinquished his right to sue *Hendrickson* in the eminent-domain settlement. Hendrickson was not an original party to the litigation, and Best never brought a third-party complaint or counterclaim against him. Further, Hendrickson has not explained how Best's claims here fit within the Entry of Judgment, Paragraph 8, as a claim which *could have been made in the eminent-domain action*. (Id. ¶ 4.) Consequently, the court denies the motion as to the § 1983 claim.

B.   **Section 1985 requires class-based discrimination.**

Unlike § 1983, § 1985 does not provide an open-ended remedy for constitutional violations of any sort. Rather, § 1985 addresses conspiracies of three general types: (1) to prevent an officer from performing duties; (2) to obstruct justice in federal courts, or to obstruct justice in state courts with intent to deny equal protection; and (3) to deprive any person of equal protection.

Best alleges conspiracy generally under subsections (2) and (3), mirroring the language of the statute. (Compl. ¶¶ 16–17.) He characterizes Hendrickson's conduct as "willfull, unjust, oppressive, malicious, reckless and reasonably calculated and certain to cause Best great financial injury." (Id. ¶ 19.) Factual allegations and arguments elsewhere suggest he might be a member of several classes: property owners, whites, and

pro se litigants against the City of San Diego. Assuming for the sake of argument any of these could suffice as a suspect class, see Triad Assocs. v. Chi. Housing Auth., 892 F.2d 583 (7th Cir. 1989) (whites may be); cf. Bowman v. City of Franklin, 980 F.2d 1104 (7th Cir. 1992) (property owners are not); Katz v. Klehammer, 902 F.2d 204 (2d Cir. 1990 (apartment owners are not)—Best still cannot survive a motion to dismiss. Best must allege a nexus between his membership in a class and the conspiracy to deprive him of some federally protected right. See Life Ins. Co. v. Reichardt, 591 F.2d 499, 505 (9th Cir. 1979) ("[Plaintiff]'s allegation that an invidiously discriminatory animus was the motivating force behind the disparate policy terms offered to women is thus sufficient to survive a motion to dismiss for failure to state a claim.).

In short, Best never attributes Hendrickson's intent or motive to any personal characteristic. Even taking all reasonable inferences in Best's favor, the court can only conclude that Hendrickson may have conspired to "lowball" the appraisal out of personal dislike. That does not rise to the level of a § 1985 violation. See Harrison v. Brooks, 519 F.2d 1358 (1st Cir. 1975).

## V. Motion to Abstain

Under Younger v. Harris, 401 U.S. 37 (1971), a federal court may abstain from exercising jurisdiction over federal claims if (1) state proceedings are ongoing, (2) they raise important state interests, and (3) the plaintiff has an opportunity to litigate federal claims in state court. Hendrickson's argument has no merit. This court's ruling on an anti-SLAPP motion does not even remotely resemble the interests at stake when a federal court nullifies a criminal statute that a state actively seeks to enforce, as in Younger. Furthermore, unless and until Best successfully amends his complaint to add federal causes of action, the court cannot agree that he has any meaningful opportunity to litigate the § 1983 claim in state court. Therefore, the court **DENIES** the motion to abstain.

//

## VI. Conclusion

For the foregoing reasons, the court hereby **DENIES** the special motion to strike, **GRANTS IN PART AND DENIES IN PART** the motion to dismiss, and **DENIES** the motion to abstain. The Clerk shall serve a copy of this order on all parties.

**IT IS SO ORDERED.**

Dated: March 27, 2007

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California